**FILED**

**NOV 28 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TELEPATHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORPORACION EMPRESARIAL ALTRA S.L., <br><br> Defendant. | Case no. 17-cv-01030-EGS |

## CONSENT JUDGMENT AND DISMISSAL

On July 18, 2017, Plaintiff Telepathy, Inc. ("Telepathy" or "Plaintiff") filed its First Amended Verified Complaint [Doc.4] against Corporacion Empresarial Altra S.L. ("Altra" or "Defendant"). The First Amended Verified Complaint seeks actual, statutory and/or punitive damages, attorney's fees and costs, a declaration of the parties' rights, a finding of Plaintiff's lack of bad faith intent under the Anticybersquatting Consumer Protection Act, a finding that Defendant engaged in reverse domain name hijacking under the Anticybersquatting Consumer Protection Act, and a finding that Defendant engaged in negligent misrepresentation and breach of contract.

Telepathy and Altra have agreed to the entry of this final judgment and permanent injunction ("Consent Judgment").

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED:**

1. Plaintiff owns the domain name Airzone.com

2. Defendant filed a complaint with the World Intellectual Property Organization seeking transfer of the Airzone.com domain name under the Uniform Domain Name Dispute



Resolution Policy of the Internet Corporation for Assigned Names and Numbers, *Corporacion Empresarial Altra S L v Telepathy, Inc*, No. D2017-0178 (the "UDRP Proceeding")

3. Plaintiff filed this lawsuit seeking a declaration of the parties' rights, a finding of Plaintiff's lack of bad faith intent under the Anticybersquatting Consumer Protection Act, a finding that Defendant engaged in reverse domain name hijacking under the Anticybersquatting Consumer Protection Act, and a finding that Defendant engaged in negligent misrepresentation and breach of contract.

4. Plaintiff's interests in respect of the Airzone.com domain name are legitimate

5. Plaintiff did not register or use Airzone.com domain name in bad faith and had no bad faith intent to profit from the domain name.

6. Plaintiff's registration and use of the Airzone.com domain name was and is lawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(d), and Plaintiff shall retain ownership of the Airzone.com domain name.

7. Defendant has no claim to the Airzone.com domain name and is enjoined from asserting any legal claim to registration or use of the domain name.

8. Pursuant to 15 U.S.C. § 1114(2)(D)(v), the registrar of the Airzone.com domain name, Name.com LLC, is hereby enjoined from transferring the Airzone.com domain name to Defendant and is ordered to release the Airzone.com domain name from any form of locking or disabling based on Defendant's claims to the domain name

9. Defendant has waived all right to appeal this Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability

10. The claims asserted in the First Amended Complaint are released and, other than

2

as set forth herein, Telepathy shall not be entitled to any relief of any nature whatsoever related to the claims asserted in the First Amended Complaint.

**IT IS FURTHER ORDERED AND ADJUDGED pursuant to Rule 54, Federal Rules of Civil Procedure**, that judgment is hereby entered in favor of Telepathy and against Defendant in the amount of forty thousand dollars ($40,000.00) representing Telepathy's actual and/or statutory damages, attorney's fees, and costs associated with this action and the UDRP Proceeding, and Defendant shall deliver payment to Telepathy within ten calendar days of entry of this Consent Judgment.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment, the enforcement thereof or the punishment of any violations thereof.

**IT IS FURTHER ORDERED AND ADJUDGED** that the prevailing party in any proceeding to enforce the terms of this Consent Judgment shall be entitled to an award of its attorneys' fees and costs.

The undersigned hereby stipulate to the above facts and conclusions and consent to the entry of this Consent Judgment, which may be signed in counterparts. Signatures can be obtained and exchanged by scanned copy and/or facsimile.

**IT IS SO STIPULATED AND ORDERED.**

3

DATED Sept 19, 2017         TELEPATHY, INC.

                            By: /s/ Brian H. Pandya
                            Brian H. Pandya (DC Bar No. 501661)
                            David E. Weslow (DC Bar No. 480713)
                            WILEY REIN LLP
                            1776 K St NW
                            Washington, DC 20006
                            (202) 719-7000 (phone)
                            bpandya@wileyrein.com
                            dweslow@wileyrein.com

                            *Attorneys for Telepathy Inc*


                            CORPORACION EMPRESARIAL ALTRA S.L

DATED                       By: /s/
                            Antonio Mediato, CEO
                            Corporacion Empresarial Altra S.L
                            Parque Tecnológico Andalucia
                            C/ Marie Curie 21
                            29590 Málaga Spain
                            (+34) 902-400-445 (phone)
                            info@airzone.es


PURSUANT TO STIPULATION AND RULE 54, FEDERAL RULES OF CIVIL
PROCEDURE, IT IS SO ORDERED AND ADJUDGED.

DATED 11/27/17              /s/ Emmet G. Sullivan
                            Honorable Emmet G. Sullivan
                            United States District Judge